Armando AVILA–LUCAS, Petitioner—
Appellant,

v.

Brian BELLEQUE, Respondent—
Appellee.

No. 09–36054.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 4, 2011.

Corinne J. Lai, Esquire, Attorney at Law, Portland, OR, for Petitioner–Appellant.

Kathleen Cegla, Assistant Attorney General, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

**676**

MEMORANDUM **

Oregon state prisoner Armando Avila–Lucas appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Avila–Lucas contends that his trial counsel provided ineffective assistance by failing to advise him of the highest minimum sentence he faced. The state court's determination that Avila–Lucas was not denied the right to effective assistance of counsel was neither contrary to, nor an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* —— U.S. ——, ——, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011).

Avila–Lucas also contends that his plea was not knowing, voluntary, and intelligent. The state court's contrary determination was not an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Hill v. Lockhart,* 474 U.S. 52, 56–58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To the extent Avila–Lucas's claim is based on the state court's refusal to admit the Mexican Consul's affidavit, his claim is not cognizable. *See Swarthout v. Cooke,* —— U.S. ——, ——–——, 131 S.Ct. 859, 862–63, 178 L.Ed.2d 732 (2011) (per curiam) (federal habeas relief does not lie for errors of state law).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).